### O. SKIDMORE *v.* THE STATE.[1]

AGGRAVATED ASSAULT BY AN OFFICER.—A policeman was conducting a prisoner to the calaboose, when the latter stopped and refused to go further, whereupon the policeman struck him over the head with a six-shooter pistol. There was no evidence that the prisoner was assaulting the policeman, and it was proved that other persons were within call, but that their aid was not sought by the policeman. *Held,* that under the circumstances the policeman was not justified in striking the blow, and his conviction for an aggravated assault is affirmed.

APPEAL from the Criminal District Court of the city of McKinney, county of Collin. Tried below before the Hon. S. HARE.

*O. Skidmore* filed a very good argument in his own behalf.

*A. J. Peeler*, Assistant Attorney General, for the State.

WINKLER, J: It appears from the statement of facts that, at the time of the alleged assault, the accused, a policeman, had in custody one McCauts, the person upon whom the assault is alleged to have been made, and was endeavoring to convey him to the calaboose, in the city, for some alleged offense; and that the prisoner, having refused to proceed further, pulled himself away from the accused, and thereupon the accused raised his pistol, an ordinary-sized

---

[1] A previous appeal of this case is reported in 43 Texas, 94, though the name of the assaultee is spelled somewhat differently in the two records.

six-shooter, and struck McCauts on the side of the head with the barrel of the pistol.

There is no evidence that McCauts struck, or attempted to strike, the accused, or to do more than refuse to go with, and endeavor to get loose from the hold of, the accused. There is no evidence that the accused made any effort to procure assistance in controlling McCauts, though it is shown that there were other persons near enough to hear the noise made by the blow he struck.

Agreeably to the law of this case as laid down in the opinion of the supreme court in *Skidmore* v. *The State*, 43 Texas, 94, delivered by Roberts, C. J., the accused might have handled his prisoner roughly, if necessary, in the act of carrying him along, or called others to his aid, if needed. He had no right to punish him, to assault and beat him with a pistol, to make him or induce him to go, when he stopped.

" In making an arrest, all reasonable means are permitted to be used to effect it. No greater force, however, shall be resorted to than is necessary to secure the arrest and detain the accused." Pasc. Dig., Art. 2697.

There was no occasion for the use of the means employed, in order to secure the arrest and detention of McCauts. The judgment rendered herein is affirmed.

*Affirmed.*